# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RANDY A. HART,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:17cv308-RH/CAS**

**ANNA BETH SEGREE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Case number 5:17cv230 was initiated by the pro se Plaintiff in the Middle District of Florida. It was transferred to this Court, ECF No. 4, and opened as case number 4:17cv308 on July 10, 2017. ECF No. 5.

Plaintiff is a prisoner incarcerated at Liberty Correctional Institution. ECF No. 1. Plaintiff seeks to file a complaint against Defendant Segree, a classification supervisor at Franklin Correctional Institution. *Id.* The complaint alleges that Defendant Segree "allowed the Plaintiff to be convicted of" a "bogus disciplinary report." ECF No. 1 at 2. Plaintiff contends she acted in bad faith and violated his Eighth Amendment rights. *Id.* 2-3. Although unclear, it also appears that Plaintiff seeks to hold

Defendant Segree liable on a theory of supervisory liability. *Id.* at 3. At the heart of this case, however, is Plaintiff's contention that he was issued a false disciplinary charge in retaliation for exercising his constitutional rights. *Id.* at 4.

Plaintiff did not file a separate motion requesting leave to proceed in forma pauperis, but he did include that request within his complaint. ECF No. 1 at 6. Plaintiff stated that he requested "permission to proceed in forma pauperis as in accordance with 28 U.S.C. § 1915(g)." *Id.*

Accordingly, although Plaintiff did not submit a complaint on the complaint form used in this Court which requires prisoners to list all prior cases and identify any cases dismissed for reasons listed under § 1915(g), it is apparent that Plaintiff acknowledges that he has "three strikes" pursuant to § 1915(g). That statute precludes the filing of a civil rights case by a prisoner if he "has had three prior actions or appeals 'dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.'" 28 U.S.C. § 1915(g). Plaintiff's complaint does not contain any factual allegations which show Plaintiff is in imminent

danger of serious physical injury from Defendant Segree, or any other prison official.

Judicial notice is taken that Plaintiff Randy Allen Hart,# 075432,[1] filed case number 1:16cv21395-UU, a prisoner civil rights action, in the Southern District of Florida.  It was dismissed on May 9, 2016, "pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief could be granted."  ECF No. 6 of that case.  Plaintiff also filed case number 8:16-cv-1337-T-33JSS in the Middle District of Florida.  It was dismissed on June 3, 2016, for failing to state a claim because he brought a § 1983 claim against his public defender, who is not a state actor.  Plaintiff filed case number 1:15cv21257-DPG in the Southern District of Florida.  It was dismissed on August 31, 2015, for failing "to state a cognizable claim for relief under Section 1983."  ECF No. 33 of that case.

In addition, Plaintiff had a case dismissed on August 1, 2016, in the Middle District of Florida because he had "three strikes" and did not allege sufficient facts to show he was imminent danger of serious physical injury.  Case # 8:16cv02109-SDM-AEP.  That dismissal reveals that Plaintiff is well

---

[1] In all cases cited, it has been confirmed by reviewing the inmate number that Plaintiff Randy Hart is the same person who filed the other cases.

aware that he is not entitled to in forma pauperis status and has had cases dismissed which should have been listed in the complaint form.

Therefore, this case should be dismissed because Plaintiff is not entitled to proceed with in forma pauperis status because the complaint does not provide facts which demonstrate he "is under imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g).  Because Plaintiff did not pay the filing fee at the time he sought to initiate this case, this case should be dismissed.  <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001) (concluding that "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit."); <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "prisoner cannot simply pay the filing fee after being denied in forma pauperis status" and must "pay the filing fee at the time he initiates the suit.").

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff is not entitled to proceed without full payment of the filing fee pursuant to 28 U.S.C. § 1915(g).  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court

Case No. 4:17cv308-RH/CAS

Page 5 of 5

to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 20, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv308-RH/CAS